**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 02-20191
Summary Calendar
_____

B JOE THOMSON,

Plaintiff-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas, Houston
(No. H-02-MC-4)
_____

September 19, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM*:

The district court issued an order removing B. Joe Thomson (Thomson) from the federal courthouse in Houston, Texas, and barring his re-entry without permission. The court entered the order *sua sponte* and independent of any pending case or controversy. Thomson argues on appeal that the order is void because the court lacked subject matter and personal jurisdiction to issue it. He also argues the order violated his constitutional right to due process and his First Amendment right to free speech. Thomson further alleges the district court judge abused his

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion by not recusing himself because of bias and prejudice. For the reasons below, we remand for the district court to hold a hearing for Thomson to show cause why he should not be barred from the courthouse.

## I. Facts and Proceedings

Thomson is a homeless attorney who frequented the law library and attorney lounge of the federal courthouse in Houston. The district court, independent of any pending case or controversy, entered the following order *sua sponte*:

> It is hereby ORDERED that B. Joe Thomson shall not enter the United States Courthouse located 515 Rusk, Houston, Texas, unless he first presents to the United States Marshals Service documentation indicating, written permission to enter signed by a United States District Judge. He shall then be escorted by a Deputy United States Marshal or Court Security Officer to conduct such business as approved by said United States District Judge. This Order shall be strictly enforced by the United States Marshals Service....

The order appears as the first item on the docket sheet for a case captioned <u>Thomson v. No Defendant Named</u>, civil docket number 02-MC-4. The case was closed on the same day the order was signed. Thomson learned of the order when three United States marshals removed him from the courthouse.

Thomson wrote to the court seeking an opportunity to be heard regarding the order and enumerating the hardships it caused.

The court then requested certificates of good standing from each of the state bars in which Thomson was licensed to practice law. Thomson fulfilled the request by submitting a letter from the

2

Supreme Court of Texas showing he was suspended from practicing law for failure to pay the Texas Attorney Occupation Tax.

Thomson next filed a motion for permission to appeal *in forma pauperis* which was initially denied but later granted after Thomson's motion to reconsider. Thomson also filed an "affidavit/unsworn declaration" seeking recusal.

The court then issued a supplemental order containing reasons for the original order. As the result of a high volume of phone calls from Thomson, the court further ordered Thomson to not contact the judge's chambers or case manager.

Thomson argues the order is void because the district court lacked both subject matter and personal jurisdiction over him. He complains the order violated due process because it was entered without notice. He further argues exclusion from the courthouse infringes his First Amendment right to free speech. Thomson also alleges the district court judge was biased and prejudiced. Specifically, Thomson accuses the judge of entering the order with the intent to prevent Thomson from using the law library and computers at the time Thomson was appealing an adverse ruling from the same judge in an unrelated case.

## II. Analysis

Thomson first contends the district court was without jurisdiction to enter the order barring him from the courthouse. We disagree. The Supreme Court has noted: "'Courts of justice are

universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'" Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1990)(citations omitted). "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Id.(citations omitted). The full litany of administrative decisions made by district judges in their official capacities relating to, *inter alia*, facilities, equipment, and security, are unquestionably within the power of district judges and are not, in the ordinary situation, even susceptible to appellate review. In re Rini 782 F.2d 603, 606 (6th Cir. 1986).

Thomson claims the lack of procedure surrounding the issuance of the order violated his right to due process. Few cases address what process is due to patrons of a courthouse library before they are barred from the courthouse by judicial order. In a recent unpublished case from the District of Arizona, Jimenez, plaintiff in a lawsuit, engaged in harassment and abusive conduct towards the staff of the clerk's office. Jimenez v. Coca-Cola Co., 2001 WL 1654802 (D. Ariz. Dec. 13, 2001). Consequently, the chief deputy clerk issued a memorandum placing four conditions on Jimenez's contact with the court. After further abusive behavior, the court ordered Jimenez to show cause why he should not be permanently

4

barred from personally visiting the courthouse or making telephone calls to the clerk's office. After witnesses testified of the abusive conduct, the court, relying on <u>Chambers</u>, ultimately barred Jimenez from the courthouse. <u>Jimenez</u> demonstrates that Thomson is entitled to a hearing before being barred from the courthouse by judicial order.

This court reviews the denial of a motion for recusal for an abuse of discretion. <u>United States v. MMR Corp.</u>, 954 F.2d 1040, 1044 (5th Cir. 1992)(28 U.S.C. § 144); <u>United States v. Harrelson</u>, 754 F.2d 1153, 1165 (5th Cir. 1985)(28 U.S.C. § 455). Motions brought under 28 U.S.C. §§ 144 and 455 are substantively similar and both require recusal only for "personal, extrajudicial bias." <u>MMR Corp.</u>, 954 F.2d at 1045-46. Thomson has not shown any extrajudicial bias on the part of the district judge, and as a consequence, has not shown that the judge abused his discretion in denying the motion to recuse or the motion for reconsideration.

## III. Conclusion

For the foregoing reasons, we remand for the district court to order Thomson to show cause why he should not be barred from the courthouse in the future.